IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 12-112-01 |
| v. | : | |
| | : | |
| PATRICIA MCGILL | : | |

**O R D E R**

**AND NOW,** this **5th** day of **January, 2016,** for the reasons stated in the accompanying memorandum opinion, it is hereby **ORDERED** as follows:

1.    The Government's motion to permit the jury to use a redacted indictment during deliberations (ECF No. 251) will be **TAKEN UNDER ADVISEMENT** until the conclusion of the case;

2.    Defendant's motion in limine to hold a hearing to determine admissibility of alleged co-conspirators' statements and establish the order of proof to prove a conspiracy (ECF No. 356) is **DENIED;**

3.    Defendant's motion in limine to bar inflammatory language (ECF No. 357) is **DENIED** as premature;

4.    Defendant's motion in limine for disclosure of forged or altered documents and a bill of particulars (ECF No. 358) is **DENIED;**

5.    Defendant's motion in limine to specifically disclose <u>Brady</u> or <u>Giglio</u> material (ECF No. 359) is **DENIED;**

6.    Defendant's motion to exclude peer comparison data and estimate evidence (ECF No. 361) is **DENIED;**

7.    Defendant's motion in limine to strike the indictment as time-barred or in the alternative to amend the indictment to conform to the statute of limitations and bar evidence outside the statute of limitations (ECF No. 367) is **DENIED;** and

8.    The Court will hold a hearing on the following pretrial motions at the conclusion of jury selection in this case:

a.    The Government's motion in limine to admit tape recordings and transcripts (ECF No. 306), as amended (ECF No. 371);

b.    The Government's motion in limine for a determination that exhibits are business records under Federal Rule of Evidence 803(6) and that summaries of business records are admissible pursuant to Federal Rule of Evidence 1006 (ECF No. 307);

c.    The Government's motion in limine to preclude assertion of a public authority defense or an entrapment by estoppel defense (ECF No. 381);

d.    Defendant's motion to compel discovery (ECF No. 369); and

e.   Defendant's motion to dismiss Counts 2-14 of the Indictment as violative of due process rights under the void for vagueness doctrine, or in the alternative a motion in limine to properly define the hospice regulation to the jury (ECF No. 380).

**AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,    J.**