IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 11-189 |
| v. | : | |
| | : | |
| LIOUDMILA NOVIKOV | : | |
| _____ | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 12-112-1 |
| v. | : | |
| | : | |
| PATRICIA MCGILL. | : | |

**M E M O R A N D U M**

**EDUARDO C. ROBRENO, J.**                    **OCTOBER 17, 2022**

This is a healthcare fraud case in which the Court ordered several defendants to pay restitution jointly and severally. Before the Court is a motion from Defendant Lioudmila Novikov to reconsider the Court's order denying her motion to declare her restitution obligations satisfied.[1] See Def. Novikov's Mot. for Recons., ECF No. 58; Order, ECF No. 57; Mem. Op., ECF No. 56. Also before the Court is a motion from Defendant Patricia McGill to join Novikov's motion for reconsideration. See Def. McGill's Mot. to Join Def. Novikov's Mot. for Recons., ECF No. 545. As

---

[1] Defendant Novikov also filed a motion to seal Exhibit F of her Motion for Reconsideration. See Novikov's Mot. to Seal Ex. F, ECF No. 60. Exhibit F is the Judgment & Commitment Order with Statement of Reasons, which references Ms. Novikov's cooperation and is denoted by the Court "Not for Public Disclosure."

explained below, both motions fail to meet the high standard for granting a motion for reconsideration and will be denied.

I.    BACKGROUND

Novikov and McGill, along with fifteen other defendants in related cases, were ordered to pay restitution for their respective roles in a healthcare fraud scheme involving their employer, Home Care Hospice ("HCH"). In connection with the criminal case against the owner of HCH, Matthew Kolodesh, this Court found that the total loss to the victim Medicare as a result of the scheme was $16.2 million.[2]

Novikov was charged by information with one count of obstruction of a federal audit in violation of 28 U.S.C. § 1516 and plead guilty pursuant to a plea agreement. In her criminal judgment, Novikov was ordered to pay $405,184 in restitution.[3]

McGill was charged by indictment with conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1347. She was adjudged guilty on four counts of healthcare fraud and acquitted of the remaining counts of the indictment after a jury trial.

---

[2] After Kolodesh appealed his conviction and sentence, the Third Circuit affirmed the Court's conclusion that the Government had proven a total loss of $16.2 million. See United States v. Kolodesh, 787 F.3d 224, 239 (3d Cir. 2015).

[3] Novikov's judgment holds her jointly and severally responsible with five other defendants: Alex Pugman, Svetlana Ganetsky, Matthew Kolodesh, Diana Koltman, and Eugenia Roytenberg.

McGill was sentenced to one year and one day of imprisonment and three years of supervised release and was ordered to pay $231,113.38 in restitution.[4]

Among the seventeen HCH Defendants ordered to pay restitution, only Kolodesh and Pugman were ordered to pay the full amount of the total $16.2 million harm. However, the respective judgments of the remaining fifteen defendants hold them jointly and severally liable with, inter alia, Pugman and Kolodesh.

Based on reports submitted by the government, the Court found that as of July 2022, Novikov made a total of $24,864.07 in direct payments toward restitution and received credits of $329,697.42 for restitution paid by her other jointly liable co-defendants. Thus, through credits and direct payments, Novikov has satisfied $354,561.49 of her restitution obligation and $50,622.51 remains outstanding.

Novikov disputes the amount of restitution she owes to Medicare and filed a motion requesting this Court declare her restitution obligation satisfied on June 21, 2022. See Novikov's Mot. to Declare Restitution Obligation Satisfied, ECF No. 47. In this motion, Novikov argued that because she was convicted of a

---

[4] McGill's judgment holds her jointly and severally responsible with seven other defendants: Matthew Kolodesh, Alex Pugman, Svetlana Ganetsky, Natalya Shvets, Giorgi Orgoshidze, Yevgeniya Goltman, and Alexsandr Koptyakov.

single offense that resulted only in a total loss of $405,184, the calculation of her jointly owed restitution obligation should be limited to that amount and not the entire $16.2 million amount owed to Medicare. The Court rejected this argument and issued an order and opinion denying her motion on August 30, 2022. ECF Nos. 56, 57; United States v. Novikov, et al., Nos. 11-189 & 12-112, 2022 WL 3723118, *8 (E.D. Pa. August 30, 2022). On September 14, 2022, Novikov filed the present motion requesting reconsideration of this Court's August 30, 2022 Order. See Novikov's Mot. for Recons., ECF No. 58.

Similarly, Government reports indicated that as of July 2022, McGill made a total of $3,175.00 in direct payments toward restitution. The Clerk also applied credits totaling $204,731.45 for restitution paid by her jointly liable co-defendants. Thus, McGill has satisfied $207,906.45 of the restitution obligation, and the record shows that she currently owes $22,806.93 for this debt.

Like Novikov, McGill disputes the amount of restitution she owes to Medicare and filed a motion requesting this Court to declare her restitution judgment satisfied on July 13, 2017. See McGill's Mot. to Declare Restitution Obligation Satisfied, ECF No. 462. McGill argues that her restitution obligation was satisfied as a result of payments that her co-defendants made to Medicare pursuant to civil settlement agreements with the

4

government. On August 30, 2022, this Court issued an order and opinion denying the motion for reconsideration and also denied McGill's motion for an accounting noting that the government provided "a comprehensive report of payments and the defendants have been given an opportunity to state their objections." ECF Nos. 541, 542; United States v. Novikov et al., 2022 WL 3723118 at *1 n.1. On September 22, 2022, McGill filed the present motion to join co-defendant Novikov's motion to reconsider this Court's August 30, 2022 Order. See McGill's Mot. to Join Novikov's Mot. for Recons., ECF No. 545.

## II.   LEGAL STANDARD

Although not specifically provided for in the Federal Rules of Criminal Procedure, "motions for reconsideration may be filed in criminal cases." United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003). In a criminal case, a motion for reconsideration is adjudicated using the same standards utilized for civil motions for reconsideration. Id.; see also United States v. Hill-Johnson, 806 F. App'x 114, 119 (3d Cir. 2020); United States v. Moore, No. 08-cr-730, 2021 WL 4860734, at * 1 (E.D. Pa. Oct. 19, 2021); United States v. Suggs, No. 19-cr-134, 2021 WL 4460024, at *4 (W.D. Pa. Sept. 29, 2021); United States v. King, No. 16-cr-321, 2017 WL 3087745, at *2 (M.D. Pa. July 7, 2017).

The purpose of a motion to reconsider "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

As the Third Circuit has noted, the scope of a motion for reconsideration is "extremely limited" and a party may not use the motion to relitigate issues the court already decided. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011); United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010) ("Though motions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants . . . to raise their arguments, piece by piece.") (internal quotation marks omitted).

III. **Discussion**

A.   **Defendant Novikov**

In her motion, Novikov does not claim newly available evidence or an intervening change in the controlling law. Thus, she must seek relief on the third ground-- to correct a clear

6

error of law or prevent manifest injustice. However, Novikov's motion does not meet this standard and will be denied.

Novikov presents five grounds for reconsideration, arguing that the calculation of her joint and several restitution obligation should be limited to $405,184 and should not be based on the full loss of $16.2 million to Medicare. First, she argues that the Government's position in this matter and the Court's ruling was inconsistent with the record at sentencing. Second, Novikov argues that her criminal judgment and the Statement of Reasons issued by the Court do not reflect the $16.2 million loss to Medicare or that she is responsible for the entirety of the debt. Third, she argues that the Government incorrectly asserted that her restitution obligation was a "discretionary apportionment" of the $16.2 million loss to Medicare that was contrary to the "plain language" of her criminal judgment and its position at her sentencing. Fourth, Novikov argues that her $405,184 joint and several restitution obligation is fully satisfied. Finally, she argues that the Court's decision "impermissibly amends" her sentence.

Novikov's motion fails to meet any of the required factors for reconsideration, and instead reiterates arguments that Novikov has previously made before the Court. For example, Novikov previously argued that the government's current position is inconsistent with its position at sentencing. See ECF No. 47

at 4-5. Novikov also argued that this Court's decision impermissibly substitutes and holds her accountable for the entire $16.2 million in restitution owed to Medicare and amends her sentence. <u>Id.</u> at 5; ECF No. 55 at 3. Novikov has also argued that as a result of payments by her and her jointly liable co-defendants, her $405,184 restitution obligation is satisfied. <u>See</u> ECF No. 47 at 2-3, 7. Finally, Novikov has argued that her criminal judgment does not identify the $16.2 million restitution loss amount. <u>See</u> ECF No. 55 at 1. While it is clear the Novikov disagrees with this Court's decision, that disagreement in and of itself does not provide a valid basis for reconsideration.

Nor does the motion establish that manifest injustice would result if this Court did not reconsider its decision. Where the basis of the motion for reconsideration is to correct a manifest injustice, the movant must persuade the court not only was the prior decision wrong, "but that it was clearly wrong and adherence to the decision would create a manifest injustice." <u>See</u> <u>In re City of Philadelphia Litig.</u>, 158 F.3d 711, 721 (3d Cir. 1998). "[A] manifest injustice occurs only when there is 'direct, obvious, and observable error." <u>Assoc. of N.J. Rifle & Pistol Clubs Inc. v. Attorney General N.J.</u>, 974 F.3d 237, 247 (3d Cir. 2020) (quoting <u>Manifest Injustice</u>, Black's Law Dictionary (11th ed. 2019)).

In the Order that Novikov seeks to reconsider, the Court relied on established case law to conclude that hybrid restitution applied to Novikov and her jointly liable co-defendants. See United States v. Novikov, 2022 WL 3723118, at * 5 ("[A]pplying the hybrid approach to the Moving Defendants' restitution payments does not violate their right to due process."). Following the applicable case law, the Court held that Novikov and her co-defendants did not "satisf[y] their individual restitution obligations until either (a) they have personally paid the amount apportioned to them individually, or (b) the victim has been made whole for the entire harm caused by the comprehensive scheme." Id. at 5.

Because Novikov has failed to establish a ground that would entitle her to reconsideration, the Court will deny her Motion for Reconsideration. Instead of providing the Court with reasons to alter or amend its Order denying her initial motion in this matter, the motion presents arguments already made and rejected.

**B.   Defendant McGill**

In the same vein, McGill argues that she is responsible for $230,713.38 in restitution, not $16.2 million, because that amount is "nowhere . . . mentioned in her judgment." See McGill's Mot., ECF No. 545 at 1. However, McGill concedes that her criminal judgment specifically reflects that she is jointly and severally liable for restitution owed by her co-defendants

Kolodesh, Pugman, Ganetsky, Shvets, Orgoshidze, Goltman, and Koptyakov.

She argues that the Court overlooked the fact that her name does not appear on the criminal judgments for Ganetsky or Shvets, and she is not aware if her name is listed on the criminal judgments for Orgoshidze, Goltman, and Koptyakov. However, McGill's argument that the Court factually erred because her restitution amount was not listed on any other criminal judgement obliging her to pay $16.2 million in joint and several restitution is not persuasive.

McGill was not liable for restitution at the time this Court sentenced her co-defendants, which is why her name does not appear on their criminal judgments. The jury convicted McGill on May 1, 2015, and the Court sentenced McGill on May 24, 2016-- approximately two years after it sentenced her jointly liable co-defendants. As this Court has explained, these

> defendants all contributed to the comprehensive scheme to defraud Medicare. This is evidenced by their judgments, which hold them jointly and severally liable with not only the other defendants who committed the same type of conduct, but with Kolodesh and Pugman, who were found to have orchestrated the entire scheme.

Novikov, et al., 2022 WL 3723118 at *4. Thus, McGill has failed to allege a clear factual error because the fact that she was

10

sentenced after her co-defendants does not absolve her of joint and several liability for restitution with them.

Like Novikov, McGill tries to rehash arguments that she has previously presented before the Court, which is not a proper ground for reconsideration. First, McGill argues that her restitution obligation has been fully paid and then some by Kolodesh and Pugman and should be satisfied. McGill previously raised this argument in her initial Motion to Mark Restitution Judgment Satisfied. ECF No. 462 at 1-2. Second, McGill argues that her $230,713.38 restitution order represents the entirety of what she owed to the court. Again, McGill previously raised the argument that her restitution order represents the "entirety of the loss for [her] offenses of conviction" and as a result "[s]he is not responsible for the overall loss of $16.2 million." ECF No. 539 at 1, 5. As mentioned above, McGill's "mere disagreement with this Court's decision cannot provide a valid basis for reconsideration." Cvjeticanin v. United States, No. 19-cv-549, 2022 WL 3926744, at *2 (D.N.J. Aug. 31, 2022) (citing Blystone, 644 F.3d at 415).

## IV.    CONCLUSION

The essence of Novikov's and McGill's claims are that their joint and several restitution obligations must be limited to $405,184 and $203,713.38, respectively, as opposed to being based on the full loss of $16.2 million to Medicare. However,

neither motion advances new facts, new arguments, or new law that the Court did not already consider in the challenged Order. Nor does either motion show that the Court committed clear error in the challenged Order or that manifest injustice would result if the Court does not reconsider. Because both Novikov and McGill failed to meet their burden of establishing a recognized ground that would entitle them to reconsideration under Rule 60, their motions are denied.

An appropriate order follows.